Proceeding under Workmen's Compensation Act by James Morris, employee, opposed by American Machinery Corporation, employer, and Central Surety Insurance Corporation. From a judgment affirming a disallowance of an award of compensation by the Florida Industrial Commission, employee appeals.
Affirmed.
This is a workmen's compensation case. The claimant, James Morris, a colored man, appellant, on June 11, 1945, was injured while helping to lift a heavy piece of machinery. The machinery fell upon him and fractured the tibia and fibula of his left leg. When injured he was 48 years of age, enjoyed good health and had worked continuously for some seven years prior thereto and weighed some 206 pounds, and was an employee of the American Machinery Corporation of Orlando. The claimant was taken to a hospital in Orlando for treatment of his injuries and while there a urinalysis was made by the hospital, which disclosed sugar in his urine. It appears from the record that the fractured bones united and on July 8, 1945, he was discharged. An allowance of compensation was made for the time lost from the fractured bones of the leg, but the amount thereof is not an issue on this appeal.
The claimant James Morris, on January 14, 1946, was readmitted to the hospital for treatment of an injury to the left leg as he had twisted the same. The hospital, on two occasions thereafter, examined his urine and the same disclosed sugar but he was released from the hospital and by the attending physician pronounced able to work during the month of June, 1946. The claimant obtained work after his discharge from the hospital, but found that he was not physically able to work for a very long period of time. He could work for a few hours but not like he could prior to his injury in June, 1945.
In October, 1946, some fifteen months after the time of his injury, his weight had dropped from 205 to 135 pounds and he was in bad physical condition. The appellant filed another claim with the Florida Industrial Commission and contended that he was entitled to additional compensation because the injury he sustained on June 11, 1945, accelerated or aggravated his pre-existing diabetes disease, and under Section 440.02(19), F.S.A., and our former adjudications, was entitled to additional compensation. Testimony adduced by the respective parties was heard by a deputy Commissioner, who entered an award for the claimant, but on review before the Industrial Commission the award was disallowed. The appellant appealed to the Circuit Court, where the order of disallowance was affirmed. The claimant has perfected an appeal therefrom to this Court.
Counsel for appellant contends that the case at bar should be ruled by our holding in Davis v. Artley Construction Co.,154 Fla. 481, 18 So.2d 255, and similar cases. The principle of law enunciated in the cited cases is good law and we have no good reason to depart therefrom. Our answer is that the evidence adduced fails to show or establish a causal connection between the injury sustained on June 11, 1945, and the acceleration or aggravation of claimant's diabetes which became so pronounced some fifteen months later, resulting in a loss of weight of some 60 or 70 pounds. The precarious condition of *Page 840 
the claimant's health, as shown by the record, is attributable to his own negligence, indifference or failure to exercise proper care for his own health and welfare rather than the acceleration of diabetes by the injury sustained on June 11, 1945. The appellant failed to carry the burden of establishing reversible error on this record.
Affirmed.
TERRELL, Acting Chief Justice, HOBSON, J., and BROWN, Associate Justice, concur.